# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
   **Plaintiff,**

  v.              **Case No. 98-CR-79**

**DARLENE MAYS**
   **Defendant.**

## ORDER

   In October 1998, I sentenced defendant Darlene Mays to three years probation on credit card fraud and mail theft charges. She completed her probation. On August 14, 2007, defendant filed a letter asking the court to seal her record, which she states keeps popping up when she applies for jobs.

   District courts possess the authority to expunge a defendant's criminal record, but only where the dangers of unwarranted adverse consequences to the defendant outweigh the public interest in maintenance of the records. United States v. Flowers, 389 F.3d 737, 739 (7th Cir. 2004); United States v. Fotouhi, No. 02-CR-38, 2002 U.S. Dist. LEXIS 14601, at *20 (E.D. Wis. July 11, 2002) (citing United States v. Janik, 10 F.3d 470, 472 (7th Cir. 1993)). Because it is an extraordinary remedy, "the balance very rarely tips in favor of expungement." Flowers, 389 F.3d at 739. This is so primarily because of the very strong public interest in maintaining accurate records.

> To outweigh that interest, "unwarranted adverse consequences" must truly be extraordinary. The phrase does not refer to adverse consequences which attend every arrest and conviction. Those are unfortunate but generally not considered unwarranted adverse consequences. It is possible, even likely, that any person with an arrest or conviction record may well be impeded in finding employment.

> As the Court of Appeals for the Ninth Circuit has stated, if employment problems resulting from a criminal record were "sufficient to outweigh the government's interest in maintaining criminal records, expunction would no longer be the narrow, extraordinary exception, but a generally available remedy." United States v. Smith, 940 F.2d 395, 396 (9th Cir. 1991).

Id. at 739-40.

Even if employment problems were a sufficient basis for expungement, in the present case, defendant fails to present any evidence of the actual loss of employment opportunities based on her record. Defendant states that she is fifty-four years old and suffers from health problems, which have required her to change professions. Without more, however, I cannot, consistent with Flowers, conclude that such difficulties warrant sealing records.[1] Defendant also indicates that she is truly sorry for her criminal conduct and has turned her life around. Defendant's remorse and her pro-social conduct in the decade since her conviction are commendable, but also not extraordinary. See Flowers, 389 F.3d at 740.

**THEREFORE, IT IS ORDERED** that defendant's request (R. 13) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 12th day of September, 2007.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

[1] I note that in Wisconsin it is generally unlawful to discriminate in employment on the basis of a conviction record unless the conviction is substantially related to the job. Wis. Stat. §§ 111.321 & 111.335.

2